IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| SUSAN BOCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 5:14cv00050 |
| | ) | |
| SPECIALIZED YOUTH SERVICES OF | ) | |
| VIRGINIA, INC., d/b/a Shenandoah | ) | By: Elizabeth K. Dillon |
| Academy, | ) | United States District Judge |
| and | ) | |
| TARIE SHULL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter was referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition as to defendants' motion to dismiss, Dkt. Nos. 6 and 9. After briefing and oral argument, the magistrate judge filed a report and recommendation on December 15, 2014, (hereinafter "Report") recommending that the motion be denied. Dkt. No. 19. Defendants timely filed objections to the Report, Dkt. No. 20, and plaintiff has filed a response. Dkt. No. 21.

The court has reviewed the Report, defendants' objections to the same, and plaintiff's response. For the reasons set forth herein, the court DENIES the motion to dismiss, but for reasons different, in part, than those stated in the Report; thus, the Report will be adopted in part and rejected in part.

Plaintiff Bocock filed her three-count complaint in Rockingham County Circuit Court on August 29, 2014. The first two counts allege violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12113, ("ADA"), against defendant Specialized Youth Services of Virginia,

Inc., ("SYS").[1] Count three alleges a claim of wrongful discharge in violation of Virginia public policy against SYS and Tarie Shull. See Dkt. No. 1-1. Defendants timely removed the complaint to federal court, invoking this court's jurisdiction under 28 U.S.C. § 1331, which confers original jurisdiction of any action "arising under the . . . laws . . . of the United States." Dkt. No. 1 at 2. The court has jurisdiction over the supplemental state law claim under 28 U.S.C. § 1367. The Report contained the procedural history, facts, and standard of review, which are all adopted in full.

The Report concluded that plaintiff had adequately pled a cause of action under the ADA for wrongful discharge and failure to accommodate. It thus recommended that defendants' motion to dismiss count one of the complaint be denied. Defendants have not objected to this portion of the Report, and the court concludes that this recommendation should be adopted in full for the reasons explained by the magistrate judge. Thus, defendants' motion to dismiss the complaint will be denied insofar as it seeks dismissal of count one of plaintiff's complaint.

Defendants also argued in their Rule 12(b)(6) motion to dismiss that plaintiff's claims for emotional distress damages should be stricken from the complaint. They asserted two different bases for this request. First, as to both count one and count three, they claimed that plaintiff had not pled sufficient facts to support emotional distress damages. Second, as to count three only, they noted that Virginia generally does not allow emotional distress damages for a tort claim absent a physical injury, and posited that none of the exceptions to that general rule are applicable to the wrongful discharge claim in this case. See Dkt. No. 7 at 16-19.

The magistrate judge disagreed with both of defendants' arguments and recommended denial of the motion to dismiss. He determined that Rule 12(b)(6) is not the correct procedural

---

[1] After briefing but before the magistrate judge entered his Report, plaintiff voluntarily dismissed count two, with defendants' consent. Dkt. No. 18. The parties' arguments related to that count are therefore moot.

tool to dismiss damages because "Rule 12(b)(6) may only be used to dismiss a claim in its entirety . . . and a demand for relief is not part of a plaintiff's statement of the claim." Dkt. No. 19 at 13 (internal citations and quotations omitted). Instead, he concluded that the appropriate procedural tool is Rule 12(f), see id., which permits the striking of "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Construing the motion as a Rule 12(f) motion, and finding that striking pled damages is only appropriate under Rule 12(f) when the request for relief is unavailable as a matter of law, the magistrate judge then analyzed the merits of defendants' arguments against damages to determine if the damages were unavailable as a matter of law.

The magistrate judge recognized that there are no Virginia cases that have definitively determined whether emotional damages are recoverable for a Bowman-type claim.[2] He reasoned, however, that Bowman claims would fall within the exception established by Sea-Land Serv. Inc. v. O'Neal, 297 S.E.2d 647, 653 (Va. 1982), which allowed recovery of emotional distress damages absent physical injury. Concluding that emotional damages were at least potentially available to plaintiff, the Report recommended denial of the Rule 12(f) motion.

This court adopts the recommendation that the defendants' motion to strike and/or dismiss the emotional distress damages be denied, but for different reasons. Specifically, the court concludes that dismissal of the emotional distress damages is premature because neither Rule 12(b)(6) nor Rule 12(f) is an appropriate vehicle to dismiss the request for relief.[3] Because

---

[2] In Bowman v. State Bank of Keysville, 331 S.E.2d 797 (Va. 1985), the Supreme Court of Virginia recognized a tort claim of wrongful termination in violation of Virginia public policy and described it as a limited exception to Virginia's employment-at-will doctrine.

[3] This court is aware that the United States Court of Appeals for the Fourth Circuit has affirmed dismissals of requests for relief pursuant to Rule 12(b)(6) and Rule 12(f), but it does not appear that the court in those cases was asked to decide whether Rule 12(b)(6) or 12(f) are appropriate procedural tools for the dismissal of a requested remedy. See, e.g., Francisco v. Doherty, Sheridan & Grimaldi, L.L.P., 178 F.3d 1283, 1999 WL 231790, at *2 (4th Cir. 1999) (unpublished table decision) (affirming, without discussion, district court's Rule 12(b)(6) dismissal of claims for emotional distress damages and punitive damages); Mitchell v. Lydall, Inc., 16 F.3d 410, 1994 WL

3

of this finding, the court does not address the merits of defendants' arguments regarding emotional distress damages and does not reach a decision as to whether emotional distress damages are recoverable for a Bowman claim.

With regard to the use of Rules 12(b)(6) and 12(f) to dismiss the relief requested in the complaint, the court agrees with the Report's conclusion that Rule 12(b)(6) is not available, but disagrees with the Report's conclusion that Rule 12(f) is available.  The court instead concludes that neither rule can be used to dismiss or strike the relief requested in the complaint and therefore adopts Part III(B)(1) of the Report only insofar as it discusses Rule 12(b)(6).  The portions of Part III(B)(1) of the Report discussing Rule 12(f) are rejected.

As noted in the Report, a number of courts have recognized that Fed. R. Civ. P. 12(b)(6) does not provide a vehicle to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety.  See Dkt. No. 19 at 12-13 (collecting authority).  Indeed, at least two other judges of this court have so held.  See Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc., 21 F. Supp. 3d 620, 629, 631-32 (W.D. Va. 2014) (Urbanski, J.); Debord v. Grasham, 2014 WL 3734320, at *1 (W.D. Va. July 28, 2014) (Jones, J.) (agreeing with Charles court "that a Rule 12(b)(6) motion is a premature means to attack a request for punitive damages, at least where such damages are theoretically recoverable under the applicable law").

As explained in Charles, Rule 12(b)(6) is a vehicle to dismiss a "claim" in its entirety.  21 F. Supp. 3d at 629 (citation omitted).  Thus, a court "should not dismiss a complaint so long as it sets out facts sufficient to support a reasonable inference that the plaintiff is entitled to any relief the court can grant, even if that relief is not specifically requested." Id. (citations omitted) (emphasis in Charles).  This principle is reinforced "by Rule 54(c), which provides that a

---

38703, at *4 (4th Cir. 1994) (unpublished) (after affirming judgment in defendants' favor as to all claims, noting that district court did not err in striking claim for punitive damages under Rule 12(f)).

4

prevailing party may obtain any relief to which he's entitled even if he has not demanded such relief in his pleadings." Id. (quoting Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002)). Applying those principles to the case before it, the Charles court denied as premature both: (1) a motion to dismiss all claims for relief other than injunctive relief on a statutory claim; and (2) a request for punitive damages in a separate count. Id. at 630, 632. Similarly, the court in Debord concluded that a 12(b)(6) motion to dismiss the plaintiff's claim for punitive damages in a case arising from a motor vehicle accident was premature, although the court recognized that the plaintiff "likely would be required to show the factual basis of his claim" if he sought embarrassing, oppressive, or burdensome discovery or at summary judgment. 2014 WL 3734320, at *1-*2.

The above cases are consistent with Rule 8(a), which defines the general rule for pleading and states, "[a] pleading that states a claim for relief must contain" three separate elements: (1) the basis of jurisdiction; "(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a) (emphasis added). Thus, under the plain terms of Rule 8(a), a demand for relief is not part of the "statement of the claim," and is only one part of the "claim for relief."[4] Id.; see also Charles, 21 F. Supp. 3d at 631 (a "demand for relief is not part of a plaintiff's statement of the claim") (quoting Alexander v. Se. Wholesale Corp., 978 F. Supp. 2d 614, 624 n.7 (E.D. Va. 2013) (citation

---

[4] In contrast to Rule 12(b)(6), Rule 56 permits the dismissal of part of a claim. See Fed. R. Civ. P. 56(a) (permitting a party to move for summary judgment on a claim or defense or a "part of [a] claim or defense"). Thus, a demand for relief could be dismissed at the summary judgment stage. See, e.g., Hamblin v. British Airways PLC, 717 F. Supp. 2d 303, 307 (E.D.N.Y. 2010) (claim under Rule 56 is "composed of both the theory of liability and the remedies that that theory supports") (disagreeing with In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 517 F. Supp. 2d 662, 666 (S.D.N.Y. 2007)). See also Gaither v. Stop & Shop Supermarket Co., __ F. Supp. 3d __, 2015 WL 93842, at *7 n.8 (D. Conn. Jan. 7, 2015) (recognizing 2010 amendment to Rule 56 added "part of each claim or defense"). This conclusion is further supported by Rule 56(g), under which a court may enter an order identifying any undisputed "material fact—including an item of damages or other relief" and "treating that fact as established . . . ." Fed. R. Civ. P. 56(g).

5

omitted)). Because Rule 12(b)(6) may be used only to dismiss a "claim" in its entirety, id. (quoting Janis v. Nelson, 2009 WL 4505935, at *7 (D.S.D. Nov. 24, 2009) (citations omitted)), it is not available to dismiss only a demand for relief.

The court further concludes that Rule 12(f) is likewise unavailable as a tool to strike the claim for emotional distress damages here. Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy . . . .'" Waste Mgmt. Holdings, Inc., v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed. 1990)). Clearly a request for relief is not an insufficient defense, is not redundant, and is not scandalous, nor have defendants argued that it is. Likewise, defendants have not argued that the request for relief here is immaterial or impertinent. According to Black's Law Dictionary, an immaterial averment is one "that alleges something in needless detail" or a statement that "goes far beyond what is in issue, as by mentioning irrelevancies." Black's Law Dictionary 163 (10th ed. 2014). An impertinent matter is a "matter not relevant to the action or defense." Id. at 871. A request for relief is neither immaterial nor impertinent; rather, a demand for relief is required in a pleading. See Fed. R. Civ. P. 8(a). None of the terms of Rule 12(f), therefore, allow the striking of the plaintiff's demand for emotional distress damages.

Even if the argument could be made that a request for damages is "immaterial" if those damages are not available under the applicable law, the use of Rule 12(f) to dismiss the request is problematic for other reasons. As the Ninth Circuit discussed in Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010), an interpretation of Rule 12(f) that would allow the

6

dismissal of all or part of a claim would create redundancies within the Federal Rules of Civil Procedure because Rule 12(f), and either Rule 12(b)(6) or Rule 56, would be alternative vehicles for the same relief. Such a redundancy would be particularly troublesome because the standards of appellate review are different.[5] "Applying different standards of review, when the district court's underlying action is the same, does not make sense." Id. See also Brown v. Aetna Life Ins. Co., 2013 WL 3442042, at *4 (W.D. Tex. July 8, 2013) (redundancies are created particularly when a party seeks, under Rule 12(f), to strike damages because they are precluded as a matter of law and, allowing a party to do so, would allow a "procedural advantage" because of the different standard of review). Rule 12(f) then is not a procedural tool available to strike a request for relief.

    For the foregoing reasons, the magistrate judge's report and recommendation is ADOPTED IN PART and REJECTED IN PART and the defendants' motion to dismiss is DENIED. The Clerk is directed to send a copy of this memorandum opinion to all counsel of record.

    Entered: April 10, 2015.

*Elizabeth K. Dillon*
United States District Judge

---

[5] The standard of review for Rule 12(b)(6) and Rule 56 motions is de novo. Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (Rule 12(b)(6)); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002) (Rule 56). Rule 12(f) motions are reviewed for abuse of discretion. Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc., 227 F. App'x 239, 246 (4th Cir. 2007) (unpublished) (citations to other circuits omitted).

7