IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| SUSAN BOCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:14-cv-00050 |
| | ) | |
| SPECIALIZED YOUTH SERVICES OF | ) | By: Elizabeth K. Dillon |
| VIRGINIA, INC., | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**ORDER**

In this employment case, plaintiff Susan Bocock claims that defendant Specialized Youth Services of Virginia, Inc. (SYS), terminated her employment because of an actual or perceived disability, in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.* (Dkt. No. 1-1, ¶¶ 42–53).[1] SYS has moved for summary judgment on this claim. (Dkt. No. 35.) The court referred the motion to Magistrate Judge Joel C. Hoppe, pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. No. 9.) On October 23, 2015, he filed a report and recommendation on the motion, recommending that it be denied because, in his view, a genuine issue of material fact exists as to whether SYS terminated Bocock in violation of the ADA. (Dkt. No. 66 at 1.) SYS objects to the report. (Dkt. No. 72.)

After reviewing the record, briefs, report, and objections, the court agrees with the magistrate judge that there is a genuine issue of material fact as to whether SYS terminated Bocock in violation of the ADA, and finds no error in his reliance on, or consideration of,

---

[1] Bocock initially brought three claims against SYS and one claim against its employee Tarie Shull. (Dkt. No. 1-1, ¶¶ 1–71.) Bocock voluntarily dismissed all but the wrongful discharge claim against SYS. (Dkt. Nos. 18, 76.) Shull is thus no longer a party defendant. (Dkt. No. 76.)

Tabatha Lessley's declaration or Bocock's testimony.[2] The court thus hereby OVERRULES SYS's objections, ADOPTS the magistrate judge's recommendation, and DENIES SYS's motion for summary judgment.

Entered: November 4, 2015.

*Elizabeth K. Dillon*
United States District Judge

---

[2] The parties disagree as to the appropriate standard of review here. SYS contends that a de novo standard applies because a summary judgment motion is a dispositive motion under 28 U.S.C. § 636(b)(1)(B). (Dkt. No. 72 at 3–4.) But Bocock argues that a clearly erroneous or contrary-to-law standard applies because SYS is really objecting to the magistrate judge's ruling on its motion to strike certain evidence from the summary judgment record, which she submits is a nondispositive motion under § 636(b)(1)(A). The court need not determine which standard is correct because its decision here would be the same under either one.