IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| SUSAN BOCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:14-cv-00050 |
| | ) | |
| SPECIALIZED YOUTH SERVICES OF | ) | By: Elizabeth K. Dillon |
| VIRGINIA, INC., | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

After prevailing at trial, defendant Specialized Youth Services of Virginia, Inc. (SYS) filed a bill of costs for $10,610.68 under Federal Rule of Civil Procedure 54(d), and the clerk taxed that amount against plaintiff Susan Bocock. (Def.'s Bill of Costs 1–2, Dkt. No. 101; Taxation of Costs 2, Dkt. No. 102.) Bocock now asks the court to review the clerk's action, contending (among other things) that she does not have the means to pay costs. (Pl.'s Opp'n to Bill of Costs 2–4, Dkt. No. 104.) For the following reasons, the court finds that Bocock lacks the ability to pay costs. It will thus deny SYS's bill of costs.

I. BACKGROUND

Bocock sued SYS, claiming that it terminated her because of an actual or perceived disability, in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101.[*] (Compl. ¶¶ 42–53, Dkt. No. 1-1.) After the court denied SYS's motion for summary judgment, the case proceeded to trial. The jury returned a verdict in favor of SYS, finding that Bocock was not disabled within the meaning of the ADA and that SYS did not terminate her

---

[*] Bocock originally brought two other claims, but she voluntarily dismissed them before trial. (Stipulation of Voluntary Dismissal of Count Two 1, Dkt. No. 18; Stipulation of Voluntary Dismissal of Count Three 1, Dkt. No. 76.)

because of a disability. (Verdict Form 1–3, Dkt. No. 95.) The court gave the parties 28 days to file any post-trial motions. After no motions were filed, the court entered final judgment on the verdict. (Final J. 1, Dkt. No. 106.)

Before the court entered final judgment, SYS filed its bill of costs, seeking the following: (1) $400 in court-filing fees; (2) $360.10 in witness-subpoena fees; (3) $3,594.47 in deposition-transcript fees; (4) $1,086.39 in witness-attendance fees and witness-travel expenses; (4) $2,004.10 in copy expenses; (5) $84.75 in express-mailing expenses; (6) $548.42 in document-subpoena fees; and (7) $2,532.45 in attorney and corporate-representative travel and lodging expenses. (Bill of Costs 1–2; Itemization of Costs 1–2, Dkt. No. 101-2.) The clerk taxed these costs, totaling $10,610.68, against Bocock. (Taxation of Costs 1.)

Bocock objects to SYS's requested costs. She first argues that the court should deny the costs in full because she cannot afford to pay any portion of them. (Pl.'s Opp'n to Bill of Costs 2–4.) In a sworn declaration, she says that she brings home less than $1,300 a month and that her monthly expenses exceed that amount. (Pl.'s Decl. ¶ 4, Dkt. No. 104-1.) She further states that she has outstanding medical bills from a hospitalization in May 2012; that she does not have any "property to sell that would result in positive cash flow to use for payment of debts"; and that she has no "prospects of improving [her] financial situation in the future." (*Id.* ¶ 5.) Consequently, she says, if she is required to pay SYS's costs, then she will be forced to file for bankruptcy. (*Id.* ¶ 4.)

Alternatively, Bocock contends that the court should deny SYS's costs in part because some of them are not allowed under the costs statute, 28 U.S.C. § 1920. (Pl.'s Opp'n to Bill of Costs 4–10.) For instance, she submits that § 1920 does not permit the taxation of travel and lodging expenses for attorneys or corporate representatives. (*Id.* at 5.) She also maintains that

2

§ 1920 does not permit the taxation of service fees for private process servers or appearance fees for court reporters. (*Id.* at 6, 9.)

In response to Bocock's objections, SYS concedes that some of the costs it seeks are not allowed under § 1920 and thus reduces its request by $2,994.01. (Def.'s Resp. to Pl.'s Opp'n to Def.'s Bill of Costs 5–6.) But it argues that the remaining costs are permitted by § 1920 and that they "are not excessive or cumbersome." (*Id.* at 3–7.) Accordingly, it asks that the court grant costs in the amount of $7,616.67. (*Id.* at 8.)

Neither party requested a hearing on SYS's bill of costs, and the court does not think one necessary to decide the matter. *See* W.D. Va. Civ. R. 11(b).

## II. DISCUSSION

Rule 54(d) governs the award of costs. It provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Generally, then, an award of costs involves two separate questions: first, who is the prevailing party; and second, how much, if any, costs should be awarded to the prevailing party. Here, there is no dispute that SYS is the prevailing party, so the court moves directly to the second question.

Though Rule 54(d) gives rise to a presumption that costs will be awarded to the prevailing party, *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999), it does not give a district court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case," *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). The district court must carefully scrutinize the "[i]tems proposed by winning parties as costs." *Id.*

3

The prevailing party bears the initial burden of establishing that the requested costs are permitted under § 1920. *Mayse v. Mathyas*, No. 5:09-cv-100, 2010 U.S. Dist. LEXIS 103393, at *4 (W.D. Va. Sept. 28, 2010) (citing *Ramonas v. W. Va. Univ. Hosps.-E., Inc.*, No. 5:08-cv-136, 2010 U.S. Dist. LEXIS 85537, at *6 (E.D. Va. Aug. 19, 2010)). Once that party satisfies his burden, "the burden shifts to the losing party to show the impropriety of taxing the proposed costs." *Id.* (citing *Ramonas*, 2010 U.S. Dist. LEXIS 85537, at *6).

While a district "court has discretion to deny an award of costs, it must 'articulat[e] some good reason' for its denial." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (alteration in original) (quoting *Cherry*, 186 F.3d at 446). Among other factors, the Fourth Circuit has recognized "the unsuccessful party's inability to pay the costs" as justifying the denial of costs. *Id.* (citing *Cherry*, 186 F.3d at 446). Before declining to award costs on that basis, however, a district court must be satisfied that the losing party does in fact not have "the effective ability" to pay the prevailing party's costs. *Cherry*, 186 F.3d at 447.

"[T]he losing party's good faith in pursing an action is a 'virtual prerequisite' to receiving relief from the normal operation of Rule 54(d)(1)." *Id.* at 446 (quoting *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). But "that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Id.* (citing *Teague*, 35 F.3d at 996).

Here, the court is satisfied that Bocock does not have the ability to pay costs. As noted above, she brings home less than $1,300 a month, which is not even enough to cover her monthly expenses. Further, she is still trying to pay off medical expenses incurred four years ago. She also lacks any assets that could be sold to satisfy her current debts, much less any future ones. And lastly, she has no prospects of improving her financial situation in the future.

4

The court is also satisfied that Bocock pursued this case in good faith. Her suit was by no means frivolous. *See McLamb v. Dugger*, No. 94-7463, 1996 U.S. App. LEXIS 3211, at *5 (4th Cir. Feb. 28, 1996) ("A case is frivolous if the plaintiff would not be entitled to relief under any arguable construction of the law or facts." (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Indeed, she produced sufficient evidence of a disability, and discrimination based on that disability, to survive not only a motion for summary judgment, but also a motion for judgment as a matter of law. And though the jury ultimately found in favor of SYS, it could have found in favor of Bocock, and its verdict would have been adequately supported by the evidence.

Under these circumstances, the court finds that Bocock has overcome the presumption that costs should be awarded here. It will therefore decline to award costs to SYS.

### III. CONCLUSION

For the foregoing reasons, the court will deny SYS's bill of costs.

An appropriate order will follow.

Entered: April 28, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge